1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10  WM. GASSELING RANCHES, INC.,                    CASE NO. C09-1817MJP

11                  Plaintiff,                      ORDER

12           v.

13  THE AMERICAN INSURANCE
    COMPANY,

14
                    Defendant.
15

16       The above-entitled Court has received and reviewed the following:

17       1.   Defendant's Motion for Summary Judgment (Dkt. No. 21);

18       2.   Plaintiff's Response, including requests to Extend the Deadline to Amend the

19  Complaint, to Amend the Complaint, and Cross-Motion for Summary Judgment (Dkt. No. 25);

20       3.   Plaintiff's Motion for an Order Shortening Time to Consider Plaintiff's Motion to

21  Extend the Deadline for Amending the Complaint and to Amend the Complaint (Dkt. No. 26);

22       4.   Plaintiff's Motion to Strike Portions of Declaration of Jason Skuda (Dkt. No. 27);

23
24

1    5.   Plaintiff's Motion to Strike the Declaration of Defendant's Expert, Tom Battisto (Dkt.

2    No. 28);

3    6.   Defendant's Reply in Support of its Motion for Summary Judgment and in

4    Opposition to Plaintiff's Motions (Dkt. No. 32);

5    7.   Plaintiff's Motions in Limine (Dkt. No. 31);

6    8.   Defendant's Opposition to Plaintiff's Motions in Limine (Dkt. No. 34);

7    9.   All related declarations and exhibits; and

8    10. Oral Argument held March 4, 2011 (Dkt. No. 36.)

9        IT IS ORDERED that:

10   1.   Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's claims are

11   DISMISSED with prejudice.

12   2.   Plaintiff's Motion to Extend the Deadline to Amend the Complaint is DENIED.

13   3.   Plaintiff's Motion to Amend the Complaint is DENIED.

14   4.   Plaintiff's Cross-Motion for Summary Judgment is DENIED.

15   5.   Plaintiff's Motion for an Order Shortening Time is DENIED.

16   6.   Plaintiff's Motion to Strike Portions of the Declaration of Jason Skuda for Lack of

17   Personal Knowledge is DENIED.

18   7.   Plaintiff's Motion to Strike the Declaration of Defendant's Expert, Tom Battisto is

19   DENIED.

20   8.   Plaintiff's  Motions in Limine are STRICKEN as moot.

21                              **Background**

22       Plaintiff is the owner of a hop farm in Yakima, Washington.  In November 2007, a fire

23   destroyed Plaintiff's shop building and a power company's electrical equipment.  (Dkt. No. 24,

24

1   Griffith Decl. at 2.)  Plaintiff contacted its insurance company, Fireman's Fund Insurance

2   Company ("Fireman's Fund"), and was told the building was insured by Fireman's Fund's

3   subsidiary, American Insurance Co. ("Defendant").  (Id.)  Fireman's Fund assigned a claim

4   number and an adjuster, John Umland to inspect the damage.  (Id.)  Defendant submitted

5   payment to Plaintiff for the shop building.  (Id.)

6       In February 2008, as the power company was repairing its equipment, local authorities

7   informed Plaintiff that the power could not be reconnected until Plaintiff upgraded the wiring in

8   the Kiln Building.  (Dkt. No. 22, Exs. 8-10.)  Plaintiff hired an electrician to upgrade the Kiln

9   Building and submitted a claim to Defendant for coverage of the costs.  (Dkt. No. 24, Griffith

10  Decl. at 3.)  Defendant refused because the upgrade was not covered under the insurance policy.

11  (Dkt. No. 22, Exs. 8-10.)

12      In July 2008, Plaintiff discovered four of seven kilns in the Kiln Building were not

13  functioning.  (Dkt. No. 22, Ex. 16.)  Plaintiff hired an electrician to repair the kilns and

14  discovered the failure was due to short-circuited Mod Motors.  (Dkt. No. 24, Griffith Decl. at 3.)

15  Although the first electrician was unable to determine the cause, a second electrician believed the

16  November 2007 fire caused a power surge, which shorted the Mod Motors.  (Dkt. No. 22, Exs. 4

17  & 5.)  Plaintiff replaced the Mod Motors and submitted a claim to Fireman's Fund for damage to

18  the Mod Motors.  (Dkt. No. 24, Griffith Decl. at 3.)  Fireman's Fund referred the claim under the

19  same claim number and adjuster.  (Id.)  Based on the terms of the policy, Defendant determined

20  the damage was not covered.  (Id.)

21      In the complaint, Plaintiff alleged Defendant owed for damages covered under policy no.

22  643 FRM8042833 ("the First Policy").  (Dkt. No. 1.)  In its answer, Defendant filed a

23  counterclaim, seeking a declaration that it owed no coverage "under any policy of insurance

24

ORDER- 3

1   concerning claims associated with the [K]iln [B]uilding[.]" (Dkt. No. 10, at 4.) Defendant

2   referred to both the First Policy and policy No. 643FRM06648193 ("the Second Policy"), as

3   "American Polic[ies]." (Id. at 3.)

4       In its motion for summary judgment, Defendant argues American Insurance Co. did not

5   issue the Second Policy. (Def. Mot. Br. at 1-2, n. 1.) Defendant argues the Second Policy, not

6   the First Policy, applies to coverage related to the Kiln Building, and the Second Policy was

7   issued by a different Fireman's Fund subsidiary, National Surety Corporation ("NSC"). (Id.) In

8   the documents exchanged throughout discovery, both parties refer to both policies but not the

9   second company.

10                                 **Discussion**

11  **A.  Defendant's Motion for Summary Judgment**

12      Defendant moves for Summary Judgment on all of Plaintiff's claims. Summary

13  judgment is appropriate when it is demonstrated that there is no genuine dispute of material fact

14  and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The

15  moving party bears the initial responsibility of informing the Court of the basis for the motion

16  and identifying the portions of the record that demonstrate the absence of a genuine dispute of

17  material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party moving for

18  summary judgment may also carry its initial burden by showing that the opposing party lacks

19  sufficient evidence to carry its ultimate burden at trial. Id. at 323-25. If the moving party meets

20  its initial responsibility, the burden shifts to the opposing party to establish that a genuine dispute

21  of fact actually does exist. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87

22  (1986). If the party opposing summary judgment fails to properly address an assertion of fact,

23  the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e).

24

1    In addition to attacking each claim on the merits, Defendant argues Plaintiff's losses are

2    not covered by the policy named in the complaint, i.e. the First Policy.   The Court agrees.

3        1.   Electrical Equipment

4        Defendant argues the damaged electrical equipment between the shop building and the

5    Kiln Building is not covered under either insurance policy because the equipment is owned by

6    the power company, not Plaintiff.   (Dkt. No. 21 at 5.)   Plaintiff does not dispute ownership or

7    provide any argument that the equipment is nevertheless covered.   As a result, the Court grants

8    summary judgment in favor of Defendant as to any claim for damages to the electrical

9    equipment.

10       2.   Cost of Upgrades

11       Defendant argues it does not owe Plaintiff for the cost of electrical upgrades because

12   coverage applies for upgrades only if caused by damage to a covered building. (Dkt. No. 21 at

13   6.)  Plaintiff fails to provide any evidence showing the alleged damage to the Kiln Building

14   caused the required upgrades.   The upgrades were necessary because the power company

15   replaced its equipment and the local authorities would not permit the Kiln Building to be

16   connected until it was upgraded.   Since Plaintiff has not shown that these upgrades were

17   necessary because of the damage to the Kiln Building, the Court grants Defendant's motion for

18   summary judgment as to the cost of electrical upgrades.

19       3.   Mod Motors

20       Defendant argues Plaintiff cannot prove the fire caused a power surge, which damaged

21   the Mod Motors.   Each party offers an expert opinion as to the cause of damage to the Mod

22   Motors.   Each party also asks the Court to find the opposing expert's testimony inadmissible.   It

23   is unnecessary to resolve these questions.

24

1  Assuming without deciding that Plaintiff's expert is correct and the Mod Motors were

2  damaged by a power surge when the electric equipment was destroyed, Defendant is still entitled

3  to judgment as a matter of law.  In this interpretation of events, the damage to the Mod Motors

4  was still caused by damage to the power company's equipment, which was not covered by either

5  policy. As a result, the ensuing damage to the Mod Motors is not covered, and the Court grants

6  Defendant's motion for summary judgment.

7      4.  <u>Extra-Contractual Claims</u>

8  Defendant requests dismissal of Plaintiff's extra-contractual claims on the basis that

9  Defendant "paid for all covered damage[,] … properly denied non-covered aspects of the claim

10  … and acted in good faith at all times." (Dkt. No. 21 at 7.)  Plaintiff argues that even if

11  Defendant was ultimately correct in determining a lack of coverage, it still breached its duty of

12  good faith by failing to conduct a reasonable investigation.

13  Failure to investigate could constitute a breach of the covenant of good faith "regardless

14  of whether the insurer was ultimately correct in determining coverage did not exist." <u>Coventry</u>

15  <u>Assocs. v. Am. States Ins. Co.</u>, 136 Wn.2d 269, 279 (1998).  In such a situation, an insurer is

16  liable only for expenses incurred as a result of its failure to conduct a reasonable investigation.

17  <u>Id.</u> at 284.

18  Here, Plaintiff's claim fails because (1) Defendant's review of the applicable policies was

19  reasonably sufficient to determine the losses were not covered, (2) Defendant communicated the

20  reasons for its denial and the existence of the Second Policy in communications with Plaintiff's

21  adjuster prior to the present suit, and (3) Plaintiff has not presented any evidence of "expenses

22  incurred as a result of" Defendant's failure to investigate.

23

24

1    Even if a physical investigation of the Mod Motors would have been appropriate,

2    Defendant's failure to conduct one was not a matter of bad faith.  Defendant could not examine

3    the Mod Motors because Plaintiff had already replaced them before Defendant denied coverage.

4    (Dkt. No. 22, Ex. 4.)  As a result, the Court grants Defendant's motion for summary judgment as

5    to the extra-contractual claims.

6    **B.  <u>Plaintiff's Motions to Extend the Deadline and for Leave to Amend its Complaint</u>**

7    Plaintiff moves to modify the pre-trial schedule so that Plaintiff can amend its complaint

8    to include NSC as a defendant and the Second Policy.  The deadline for amended pleadings was

9    April 2, 2010.  (Dkt. No. 12.)  Plaintiff has not explained its failure to include the Second Policy

10   in its pleading before now.

11    "A schedule may be modified only for good cause and with the judge's consent."

12   Fed.R.Civ.P. 16(b)(4).  "Rule 16(b)'s good cause standard primarily considers the diligence of

13   the party seeking the amendment."  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609

14   (9th Cir. 1992).

15    Plaintiff argues good cause exists because it "mistakenly believed that American was the

16   insuring party for the shop building <u>and</u> kiln building losses[.]"  (Pl. Opp'n Br. at 10 (emphasis

17   in original).)  Defendant argues Plaintiff was aware of the second insurance <u>policy</u> if not the

18   second insurance <u>company</u>.

19    In communications before and during the present litigation, Defendant denied coverage

20   under both insurance policies and Plaintiff acknowledged the existence of the Second Policy.

21   For example, Mr. Umland wrote to Plaintiff on December 4, 2008, stating the equipment insured

22   by the Second Policy was not damaged by the fire.  (Dkt. No. 25 at 23.)  Plaintiff himself includes

23   this excerpt in a declaration submitted in opposition to Defendant's motion for summary

24

1   judgment.  (Id.)  On April 7, 2008, Plaintiff's public adjuster attached portions of the Second

2   Policy to a letter arguing for coverage of the electrical upgrades.  (Dkt. No. 33 Ex. 14.)

3   Defendant referred to both policies by number in its request for declaratory judgment, filed with

4   its answer, (Dkt. No. 10.), and Plaintiff referred to both policies by number multiple times in its

5   interrogatories and requests for production filed on April 15, 2010.  (Dkt. No. 33 Ex. 13.)

6           Since Plaintiff was clearly aware of both policies, Plaintiff's failure to include the Second

7   Policy does not constitute good cause to modify the scheduling order.  The Court denies

8   Plaintiff's motion to extend the deadline to amend the complaint.

9   **C.  Plaintiff's Cross-Motion for Summary Judgment**

10          In response to Defendant's motion, Plaintiff also requests summary judgment on (1) the

11  breach of contract claim and (2) the bad faith claim.  Plaintiff's motion is procedurally and

12  substantively flawed.  The deadline for dispositive motions was January 7, 2011.  (Dkt. No. 20.)

13  Plaintiff's request was filed as a response on January 31, 2011, with no request for a waiver of

14  the dispositive motions deadline.

15          Even if it had been timely filed, Plaintiff's motion is without merit.  First, Plaintiff

16  provides no rationale justifying a finding that Defendant breached the contract as a matter of law.

17  Second, Plaintiff's argument that "Fireman's Fund is liable for bad faith, as a matter of law" (Pl.

18  Opp'n Br. at 19) fails because Fireman's Fund is not a party to the present lawsuit.  Finally,

19  Plaintiff fails to demonstrate the absence of a factual dispute as to whether Defendant conducted

20  either a necessary or reasonable investigation.  As a result, the Court denies Plaintiff's motion for

21  summary judgment.

22  //

23  **D.  Plaintiff's Motions to Strike**

24

1    In addition to its response to Defendant's motion, Plaintiff filed separate motions to strike

2    portions of Defendant's attorney's declaration and Defendant's expert's declaration. (Dkt. Nos.

3    27 & 28.)  Local Court Rules direct parties to include motions to strike in responsive briefing.

4    Local Rules, W.D.Wash. 7(g).  Because the request to strike was made separately, the Court

5    denies Plaintiff's procedurally improper motions to strike.

6    **E.  <u>Plaintiff's Motion for an Order Shortening Time</u>**

7    Plaintiff asks the Court to shorten time for its motion to extend the deadline to amend its

8    complaint. (Dkt. No. 26.)  "Motions to shorten time have been abolished."  Local Rules,

9    W.D.Wash. 6(e).  As a result, the Court denies Plaintiff's motion to shorten time.

10                                       **Conclusion**

11   Plaintiff has not shown that the damages in question are covered by either insurance

12   policy.  Furthermore, Plaintiff has not established that a material question of fact exists as to

13   whether Defendant acted in bad faith.  As a result, Defendant's motion for summary judgment is

14   GRANTED and Plaintiff's claims are DISMISSED with prejudice.

15   The Court DENIES Plaintiff's motions to strike and shorten time and its cross-motion for

16   summary judgment because they are procedurally flawed.  Plaintiff had notice of the Second

17   Policy from communications with Defendant before the present suit was filed.  As a result, the

18   Court finds no good cause exists to modify the trial schedule and DENIES Plaintiff's motions to

19   extend the deadline and for leave to amend its complaint.

20   In light of the Court's dismissal of the case, Plaintiff's pending motions in limine are

21   moot, and the Court orders them STRICKEN.  The pre-trial conference scheduled for Monday,

22   March 14, 2011 is therefore cancelled.

23   \\

24

ORDER- 9

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated this 11th day of March, 2011.

3

4

5                                                    Marsha J. Pechman
                                                     United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER- 10